Case 3:15-cv-00637-JAH-DHB   Document 7   Filed 07/31/15   PageID.180   Page 1 of 5

<br>

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GUERRERO VILLEGAS, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO; TICOR TITLE COMPANY OF CALIFORNIA, NBS DEFAULT SERVICES, LLC; AND DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | Civil No. 15cv0637 JAH(DHB) <br><br> **ORDER GRANTING DEFENDANT MOTION TO DISMISS [Doc. # 5]** |

### INTRODUCTION

Pending before the Court is the motion to dismiss [Doc. #5] filed by Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB ("Defendant"). After a careful review of the parties' submissions, and for the reasons set forth below, this Court GRANTS Defendant's motion to dismiss.

### BACKGROUND

**1.    Factual Background**

The instant complaint, filed by Sergio Guerrero Villegas ("Plaintiff"), stems from a secured loan made by World Savings Bank, FSB to third party Maria Guadalupe Valenzuela to finance her purchase of a home located at 511 Montera Court, Chula Vista,

15cv0637

California 91910. Maria Guadalupe Valenzuela transferred all rights to title and interest in the property to Plaintiff, who eventually defaulted on the loan. As a result of Plaintiff's default, Defendant initiated foreclosure proceedings by recording a Notice of Default on September 23, 2014. On February 6, 2015 a Notice of Trustee's Sale was recorded.

**2.     Procedural Background**

On February 19, 2015, Plaintiff commenced this action in the San Diego County Superior Court. The case was removed to this Court on March 20, 2015. *See* Doc. #1. Defendant filed the instant motion to dismiss on March 26, 2015. *See* Doc. #3. Plaintiff filed an opposition to Defendant's motion to dismiss on April 28, 2015. *See* Doc. #4. Defendant filed a reply on May 4, 2015. Doc. #5. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

Defendant moves to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Instead of opposing the merits of Defendant's motion to dismiss, Plaintiff contends in opposition that this Court lacks subject matter jurisdiction, which this Court construes as a motion to remand.

1.     **Motion to Remand**

   a.     **Legal Standard**

The Federal Court is one of limited jurisdiction. *See* Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms it's own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 118 S.Ct. 1003, 1012 (1998). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988) . Removal jurisdiction is governed by 28 U.S.C § 1441 et seq. A state court action can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. V. Williams, 482 U.S. 386, 392 (1987).

Here, Plaintiff's complaint was removed on diversity grounds. To establish diversity jurisdiction, there must be: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). The burden is on the party invoking the federal removal statue to demonstrate federal subject matter jurisdiction over the case. *See* Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)

### b. Analysis

Plaintiff contends that this Court lacks subject matter jurisdiction over his claims because "1) There is No Complete Diversity such that this Court can exercise diversity jurisdiction, since co-Defendant TICOR TITLE COMPANY OF CALIFORNIA and NBS DEFAULT SERVICES, LLC are California residents, and 2) There is NO Federal Question and the Amount in Controversy DOES NOT exceed $75,00.00." Doc. # 4 at 2 (emphasis in original). However, Plaintiff provides no argument or evidence supporting his contention, nor does he rebut Defendant's attestations presented in the Notice of Removal filed in support of jurisdiction. *See* Doc. #1 at 2.[1] Based on the record, this Court finds Defendant has met its burden of demonstrating that subject matter jurisdiction exists, and Plaintiff has failed to rebut that showing. Thus, the Court is now faced with an unopposed motion to dismiss.

### 2. Motion to Dismiss

### a. Legal Standard

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require the granting of a motion for failure to respond. *See generally*, Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (*per curiam*) (affirming dismissal for failure to timely file opposition papers). The Southern District of California's Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file the papers in the manner

---

[1] The only case cited by Plaintiff in support of his jurisdictional arguments is not analogous to the instant case. *See* Doc. # 4 at 2 n.1 (citing Althie v. Wells Fargo civil case No.3:15-cv-00417-CAB-BGS.)

required by Local Rule 7.1(e.2), that failure may constitute a consent to the granting of that motion or other request for ruling by the court." Prior to dismissal of an unopposed motion, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage it's docket; (3) the risk of prejudice to the Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See* Yourish v. California Amplifier, 1991 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal). Thus, this Court will address the second, third and fifth factors in determining whether it should grant Defendant's unopposed motion.

**b. Analysis**

After a review of the record, this Court finds that the second factor weighs in favor of dismissal. As the court noted in Yourish, the routine noncompliance of litigants should not prevent the court from managing its docket. Yourish, 191 F. 3d 990. Plaintiff has failed to comply with one of the most basic requirements of litigation, and to date has offered no excuse for failing to respond to Defendant's motion to dismiss. The fact that Plaintiff has yet to make any attempt to address the motion to dismiss also supports a finding of prejudice towards Plaintiff, and weighs in favor of dismissal. Finally, with respect to whether less drastic measures have been considered, in the interest of lessening the sanction imposed on Plaintiff, the Court will grant Defendant's motion to dismiss without prejudice.

//
//
//
//
//

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant Wells Fargo Bank, N.A.,'s motion to dismiss is **GRANTED** and the instant complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: July 30, 2015

*[signature]*

JOHN A. HOUSTON
United States District Judge